## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

IN RE: ) Case No. 18-16460
) Chapter 7
)
DAVID M. LAZ )
)
)
Debtor ) Judge Janet S. Baier

FILED
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
JUL 20 2018
JEFFREY P. ALLSTEADT, CLERK
INTAKE 1

### OBJECTION TO CLAIM OF DEUTSCHE BANK
### AS TRUSTEE PURSUANT TO RULE 3007

NOW COMES, David M. Laz, Debtor, and states as follows:

1. The Debtor commenced this action by the filing of a Chapter 7 petition on June 8, 2018.

2. Debtor is the owner of real estate located at 2110 Babst Court, Lisle, Il. 60532.

3. By filing a Motion to Life the Automatic Stay, Creditor Deutsche Bank as Trustee essentially filed an informal proof of claim, a copy of which is attached as Exhibit "A"

4. The Proof of Claim fails to set forth any documentation demonstrating that the filer of the claim is the holder of a secured loan on Debtor's property.

5. The Proof of Claim is objected to for the following reasons:

a) Claimant has no Standing before this court.

b) The document that would have made Plaintiff the legitimate holder of the Debtor's mortgage note, is a forgery. Thus the Claimant is not the holder of the note.

c) The Allonge, even if it was legitimate, was never properly attached to the note, also depriving the Claimant of holder status.

d) The Pooling Service Agreement shows that the Claimant cannot be the holder of the note pursuant to the terms of the PSA.

6. In Support of this Objection Debtor incorporates its Memorandum of Law in Support of Debtor's Response to Lift the Automatic Stay and Objection to Claim

_____
DAVID M. LAZ, Debtor

David M. Laz
Debtor
2110 Babst Ct.
Lisle, Il. 60532
(630) 689-6469

## CERTIFICATION OF PLEADING

I, David M.laz, Debtor, do hereby certify to the best my knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) This Response is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) The claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) The factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) The denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

_____
DAVID M. LAZ

Case 18-16460  Doc 26  Filed 07/20/18  Entered 07/23/18 08:18:23  Desc Main
Case 18-16460  Doc 16  Filed 06/28/18  Entered 06/28/18 14:42:10  Desc Main
          Document      Page 3 of 6

Ex A

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

IN RE:

David M Laz

Debtor(s)

Case No.: 18-16460
Chapter: 7
Hearing Date: 7/6/18

Judge Janet S. Baer

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

**NOW COMES** Deutsche Bank National Trust Company, as Trustee for Morgan Stanley Ixis Real Estate Capital Trust 2006-2 Mortgage Pass Through Certificates, Series 2006-2 (hereinafter "Movant"), by and through its attorneys, Codilis & Associates, P.C., and moves this Honorable Court pursuant to 11 U.S.C. §362(d) for an Order granting Movant relief from the automatic stay, and in support thereof states as follows:

1.  This Court has jurisdiction pursuant to 28 U.S.C. §1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois;

2.  The Debtor is indebted to Movant for which the Movant claims a valid security interest in the property commonly known as 2110 Babst Ct, Lisle, IL 60532;

3.  This security interest arose from a Note and Mortgage, executed on 6/12/2006, in the amount of $484,500.00;

4.  Enforcement of this security interest has been stayed automatically by operation of 11 U.S.C. §362 of the Bankruptcy Code upon Debtor filing of this petition on 6/8/18;

5. Movant is entitled to relief from the automatic stay under 11 U.S.C. §362(d) for the following reasons:

   a. The Debtor is in default in the performance of the terms and conditions of said Note and Mortgage;

   b. As of 06/27/2018, the Debtor(s) is/are contractually due for the 9/1/08 payment and all amounts coming due since that date. Any payments received after this date may not be reflected in this default;

   c. As of 06/27/2018, the estimated default through and including 6/1/18 is $744,284.44. Any payments received after this date may not be reflected in this default;

   d. As of 06/27/2018, the estimated payoff amount is $1,181,299.45. The estimated fair market value of the property is $500,000.00, per Debtor's Schedules. That to the best of Movant's knowledge, no non-exempt equity exists in the subject property or any equity that does exist is so insubstantial as to be of little or no benefit or burdensome to the estate;

   e. The above is especially true when considering the cost of selling the property, as outlined below:

   Fair Market Value: $500,000.00

   Less Lien Payoff and Cost of Sale:
       Estimated Payoff: $1,181,299.45
       Payoff of Other Liens: $3,650.00
       Broker's Commission (6% of FMV): $30,000.00
       Other Closing Costs (estimated): $2,000.00

   Net Proceeds of Sale: ($716,949.45)
   (assuming no capital gains need to be paid)

6. Movant has incurred attorney fees and/or costs in connection with this bankruptcy proceeding which have not been included in the calculation of any default figures quoted herein including:

> $750.00 for Preparation of Notice and Motion for Relief from the Automatic Stay, and prosecution of same
>
> $181.00 for Court filing fee

7. Ocwen Loan Servicing, LLC services the underlying mortgage loan and note for the property referenced in this Motion for Relief for Deutsche Bank National Trust Company, as Trustee for Morgan Stanley Ixis Real Estate Capital Trust 2006-2 Mortgage Pass Through Certificates, Series 2006-2 (the noteholder) and is entitled to proceed accordingly. Should the Automatic Stay be lifted and/or set aside by Order of this Court or if this case is dismissed or if the debtor obtains a discharge and a foreclosure action is commenced or recommenced, said foreclosure action will be conducted in the name of Deutsche Bank National Trust Company, as Trustee for Morgan Stanley Ixis Real Estate Capital Trust 2006-2 Mortgage Pass Through Certificates, Series 2006-2 (the noteholder). Deutsche Bank National Trust Company, as Trustee for Morgan Stanley Ixis Real Estate Capital Trust 2006-2 Mortgage Pass Through Certificates, Series 2006-2 (the noteholder) has the right to foreclose because: Noteholder is the original mortgagee or beneficiary or assignee of the security instrument for the referenced loan. Noteholder directly or through an agent has possession of the promissory note and the promissory note is either made payable to Noteholder or has been duly endorsed.

8. The Court has authority to order that Rule 4001(a)(3) is not applicable to the order entered in granting this motion, and Movant requests this Court so order;

**WHEREFORE,** Deutsche Bank National Trust Company, as Trustee for Morgan Stanley Ixis Real Estate Capital Trust 2006-2 Mortgage Pass Through Certificates, Series 2006-2 prays this Court enter an Order pursuant to 11 U.S.C. §362(d) modifying the automatic stay as to Movant, allowing the fees and costs described herein to be added to the indebtedness pursuant to the terms of the note and mortgage, and for such other and further relief as this Court may deem just and proper.

Dated this June 28, 2018.

Respectfully Submitted,

Codilis & Associates, P.C.

By: /s/ Jose Moreno

Berton J. Maley ARDC#6209399
Rachael A. Stokas ARDC#6276349
Gloria C. Tsotsos ARDC#6274279
Jose G. Moreno ARDC#6229900
Peter C. Bastianen ARDC#6244346
Joel P. Fonferko ARDC#6276490
Laura A. Hrisko ARDC#6230993
**Codilis & Associates, P.C.**
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527
(630) 794-5300
**C&A FILE (14-15-07778)**

NOTE: This law firm is a debt collector.