# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In Re: David M. Laz, Debtor, | |
| Plaintiff, | |
| v. | Case No.: 1:18-bk-16460 |
| Deutsche Bank National Trust Co. for Morgan Stanley IXIS Real Estate Capital Trust 2006-2 Mortgage pass Through Certificates, Series 2006-2, | Chapter 7 |
| | Hon. Janet S. Baer |
| Defendants. | |

## NOTICE OF MOTION

TO:  Brenda Porter Helms           Codilis & Associates, P.C.      David M Laz
     Interim Trustee               15W030 North Frontage           Pro Se Debtor(s)
     3400 W Lawrence               Road, Suite 100                  2110 Babst Ct.
     Chicago, IL 60625             Burr Ridge, IL 60527             Lisle, IL 60532
     *Via ECF*                     *Via ECF*                        *Via Regular U.S. Mail*

    PLEASE TAKE NOTICE that on **Friday, October 19, 2018 at 11:00 a.m.**, the United States Trustee for the Northern District of Illinois, by and through his counsel D.L. Morriss, shall appear before the Honorable Janet S. Baer, Bankruptcy Judge, in Kane County Courthouse, 100 S. Third Street, Room 240, Geneva, Illinois, or before any other Bankruptcy Judge who may be sitting in her place, and shall present **Deutsche Bank National Trust Co. for Morgan Stanley Ixis Real Estate Capital Trust 2006-2 Mortgage Pass Through Certificates, Series 2006-2's Motion to Dismiss Adversary Complaint for Lack of Subject Matter Jurisdiction,** a copy of which is attached and served on you.

**NOTE THAT THE PROPOSED ORDER APPENDED TO THIS MOTION MAY BE ENTERED BY THE JUDGE WITHOUT PRESENTMENT IN OPEN COURT UNLESS A PARTY IN INTEREST NOTIFIES THE JUDGE OF AN OBJECTION THERETO PURSUANT TO LOCAL RULE 9013-9(C).**

302462461v1 1012445

HINSHAW & CULBERTSON LLP

*/s/ D.L. Morriss*
D.L. Morriss

Adam L. Saper (#06256627) D.L. Morriss (#6297242) HINSHAW & CULBERTSON LLP
151 N. Franklin, Fl. 25
Chicago, Illinois 60601
312/704-3000
312/704-3001 – facsimile
asaper@hinshawlaw.com
dmorriss@hinshawlaw.com

# CERTIFICATE OF SERVICE

     I, D.L. Morriss, an attorney, state that on September 4, 2018 pursuant to Local Rule 9013-1(D) the above **Notice of Motion and the appended Deutsche Bank National Trust Co. for Morgan Stanley Ixis Real Estate Capital Trust 2006-2 Mortgage Pass Through Certificates, Series 2006-2's Motion to Dismiss Adversary Complaint for Lack of Subject Matter Jurisdiction** were filed and served on all parties identified as Registrants through the Court's Electronic Notice for Registrants and, as to all other parties on the service list below, I caused a copy to be sent via First Class Mail to the address(es) indicated.

*/s/ D.L. Morriss*
D.L. Morriss

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | |
|---|---|
| In Re: David M. Laz, Debtor, | |
| Plaintiff, | |
| v. | Case No.: 1:18-bk-16460 |
| Deutsche Bank National Trust Co. for Morgan Stanley IXIS Real Estate Capital Trust 2006-2 Mortgage pass Through Certificates, Series 2006-2, | Chapter 7 |
| | Hon. Janet S. Baer |
| Defendants. | |

**DEUTSCHE BANK NATIONAL TRUST CO. FOR MORGAN STANLEY IXIS REAL ESTATE CAPITAL TRUST 2006-2 MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2oo6-2'S MOTION TO DISMISS ADVERSARY COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION**

Defendant, Deutsche Bank National Trust Co. for Morgan Stanley IXIS Real Estate Capital Trust 2006-2 Mortgage pass Through Certificates, Series 2006-2 ("DENT"), by and through its attorneys, Adam L. Saper and Daniel L. Morriss, pursuant to Federal Rule of Civil Procedure 12(b)(1), respectfully request that this Court dismiss this case, or in the alternative, stay this action until resolution of a pending state court foreclosure action arising out of the same issues and involving substantially the same parties at issue in this action, and in support thereof, state as follows:

**I. INTRODUCTION**

Plaintiffs adversary complaint wholly stems from a foreclosure action in State Court wherein DENT was awarded a judgment and is set to schedule a judicial sale following relief from stay awarded by this Court. Nevertheless, Plaintiff asks the court to adjudicate the same issues decided by the State Court: namely, whether DENT is entitled to enforce the underlying. loan documents and foreclose the subject real estate. Plaintiffs adversary complaint is a mere delay tactic, which has been Plaintiffs modus operandi in the state court action for several years. This Court lacks subject matter jurisdiction under the *Rooker-Feldman* Doctrine, and in any

event abstention is warranted. Indeed, this Court, in granting relied from the stay, stated in open court that Plaintiff was attempting to relitigate matters already determined by the state court. For these reasons, Plaintiffs adversary complaint should be dismissed.

## II. PLAINTIFF'S ALLEGATIONS

Plaintiffs adversary complaint asks the court to "determine the validity, priority and extent of any liens alleged by [DENT]...and further requests a declaratory judgment that [DENT] does not have a valid lien against the real property located at 2110 Eabst Ct., Lisle, IL 60532 (["Property"]) which is owned by Plaintiff." Dkt. 32 at ¶ 2. Plaintiff asserts DENT lacks any valid lien against the Property because the allonge was allegedly forged and the signatory lacked authority to execute the allonge. DKt. 32 at ¶ 5(a). Plaintiff also alleges DENT failed to give advance notice of default prior to foreclosure. Dkt. 32 at ¶ 5(±). Plaintiff concludes with a prayer for relief that the court "declar[e] that [DENT] is not the holder of the note and has no right to enforce the note and mortgage." Dkt. 32 at ¶7.

## III. PUBLIC RECORD FACTS

This court may take judicial notice of a foreclosure action filed by DENT against Plaintiff in the Circuit Court of DuPage County, Case No. 2015 CH 001001 (the "State Court Litigation"). *Virnich v. Vorwald,* 664 F.3d 206, 209 (7th Cir. 2011) (Federal Rule of Evidence 201 grants federal courts the ability to take judicial notice of state court proceedings). There, DENT sought foreclosure of a Mortgage dated June 12, 2006 (the "Mortgage"). The Mortgage secured an Adjustable Rate Note dated June 12, 2006 for the original principal amount of $484,500 (the "Note"). Attached to the Note was an Allonge to Note (the "Allonge") executed in blank by a representative of the originating lender, Accredited Home Lenders, Inc. DENT alleged that it is the holder of the Note and Mortgage. DENT further alleged that Plaintiff failed to pay the Note since September 1, 2008 and that it had a right to collect on the Note. A true and correct copy of the Amended Complaint is attached as **Exhibit A.**

2

On March 9, 2018, the State Court entered a Judgment for Foreclosure and Sale (the "Judgment") against Plaintiff, a true and correct copy of which is attached as **Exhibit B.** DENT was awarded $1,058,079-44, plus attorneys' fees and costs. Ex. B at p. 1. Among the findings stated in the Judgment included that "[a]ll material allegations of the Complaint filed pursuant to 735 ILCS 5/15-1504, those allegations being both required and those deemed alleged by virtue of subsection (c), are true and proven." *Id.* The Judgment thereafter authorized the Property to be sold at judicial sale. Ex. B at p. 4.

Prior to the entry of this judgment, Plaintiff asserted the exact same arguments that he now attempts to assert here. *See* Defendant's Amended Response to Plaintiffs Motion for Summary Judgment on Amended Complaint (without exhibits), attached as **Exhibit** C. The State Court rejected Plaintiffs arguments, agreeing with DBNT that Plaintiff failed to raise issues of material fact challenging DENT's standing and that any question as to the endorsement of the Allonge made the instrument voidable rather than void. *See* Reply in Support of Plaintiffs Motion for Summary Judgment on its Amended Complaint, attached as **Exhibit D.** By entry of the Judgment, the State Court confirmed its ruling that DENT was the holder of the Note with rights to enforce the same under Section 3-301 of the Illinois Code. In total, the State Court adjudicated Plaintiffs affirmative defenses, motion for summary judgment and motions to reconsider raised in the State Court Litigation with rulings all in favor of DBNT. The adversary complaint must now be dismissed under the *Rooker-Feldman* Doctrine or, in the alternative, stayed pursuant to the *Colorado River* Doctrine.

### IV. ARGUMENT

A.  **This Court Lacks Jurisdiction Under the *Rooker-Feldman* Doctrine.**

This Court lacks jurisdiction over the adversary complaint pursuant to the *ooker-Feldman* doctrine ("Rooker-Feldman"), which precludes district courts from exercising jurisdiction over claims seeking review of state court judgments. *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983).

3

The Supreme Court of the United States "is the only federal court that may review judgments entered by state courts in civil litigation." *Harold v. Steel,* 773 F.3d 884, 885 (7th Cir. 2014). *Rooker-Feldman* "prevents lower federal courts from exercising jurisdiction over cases brought by state court losers challenging state court judgments rendered before the district court proceedings commenced." *Sykes v. Cook County Circuit Court Probate Division,* 837 F.3d 736, 741 (7th Cir. 2016).

The Seventh Circuit has made clear that "interlocutory orders entered prior to the final disposition of state court lawsuits are not immune from the jurisdiction-stripping powers of *Rooker-Feldman." Sykes v. Cook County Circuit Court Probate Division,* 837 F.3d 736, 742 (7th Cir. 2016), citing *Harold v. Steel,* 773 F.3d 884, 887 (7th Cir. 2014). *Rooker-Feldman* even encompasses claims and defenses that were not raised in state court or that do not on their face require review of a state court's decision if those claims are "inextricably intertwined" with a state court judgment. *Taylor v. Fed. Nat'l Mortgage Ass'n,* 374 F.3d 529, 532 (7th Cir. 2004). The determination hinges on whether the federal claim alleges that the injury was caused by the state court judgment, or, alternatively, whether the federal claim alleges an independent prior injury that the state court failed to remedy. *Id.*

The Seventh Circuit and district courts in this District have regularly applied *Rooker-Feldman* to state court foreclosure proceedings. *See, e.g., Carpenter v. PNC Bank, National Ass'n,* 663 F.App'x 346, 348 (7th Cir. 2016)(barring under *Rooker-Feldman* borrower's federal claims challenging the Illinois foreclosure judgment); *Taylor,* 374 F.3d at 532 (plaintiffs RICO claim was inextricably intertwined with the state court judgments and the federal court was therefore barred from further consideration of Jones's RICO claim to the extent it was based on the collection of an unlawful debt); *Green v. Wells Fargo,* 2013 WL 1966567 (N.D.Ill. 2013) (dismissing complaint challenging foreclosure orders based on standing); *Gonzalez v. Bank of Am., NA.,* 13 CV 3463, 2014 WL 26283, *4 (N.D. Ill. Jan. 2, 2014) ("These allegations directly challenge the state court judgment by suggesting that the mortgage and note upon which it

4

relied were invalid"); *Jones v. U.S. Bank Nat. Ass'n,* 2011 WL BB275B (N.D. Ill. 2011) (plaintiff claimed the attorneys representing the bank had committed a fraud on the state court in obtaining a foreclosure judgment); *Thompson v. Ameriquest Mortg. Co.,* 03 C 3256, 2003 WL 22012207, *3 (N.D. Ill. Aug. 21, 2003) ("Implicit in the Circuit Court Judgment was that court's determination that the Mortgage was valid"); *Henry v. Farmer City State Bank,* BoB F.2d 122B, 1236-37 (7th Cir. *19B6)* (RICO action against a bank that had previously succeeded in an Illinois state court mortgage foreclosure proceeding was barred because allowing the plaintiff to go forward would jeopardize the rights secured by the defendant in the state foreclosure action).

In this instant action, Plaintiff seeks review and reversal of the Judgment entered by the State Court finding DENT to have standing and the right to enforce the Note and Mortgage. The entirety of the adversary complaint attacks the State Court Litigation in arguing that DENT was not a party entitled to enforce the Note allegedly on account of the Allonge being forged. Plaintiff further argues that DENT did not send requisite notice of default prior to foreclosure, which was also necessarily decided by the State Court in entering the judgment for foreclosure and sale. As in the cases cited above, Plaintiff essentially asks this Court to reverse the rulings made in the State Court Litigation and the injury complained of is the foreclosure pending in the State Court Litigation. Over Plaintiffs objections and even sworn affidavits, the State Court saw fit to still enter summary judgment in DENT's favor. The State Court is now positioned to evaluate judicial sale over the Property. Accordingly, this Court lacks jurisdiction under *Rooker-Feldman* and Plaintiffs adversary complaint should be dismissed.

### B.  This Court Should Abstain Under the *Colorado River* Doctrine.

This Court should exercise *Colorado River* abstention as to Plaintiffs adversary complaint because state court foreclosure proceeding will necessarily resolve all of the issues raised by Plaintiff here.

The "Colorado River" abstention doctrine *("Colorado River")* permits a federal district court to dismiss or stay an action when there is an ongoing parallel action in state court.

5

*LaDuke v. Burlington Northern Railroad Company,* 879 F.2d 1556 (7th Cir. 1989). As stated by the U.S. Supreme Court in *Colorado River Water Conservation District v. U.S., Colorado River* abstention "rest[s] on consideration of 'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." 424 U.S. *Boo,* 817 (1976). Applicability of *Colorado River* is based on the following two steps: first, a determination of whether the concurrent state and federal actions are parallel; and second, whether any number of ten factors or "exceptional circumstances" exist that justify the district court's decision to refrain from exercising jurisdiction over an action. *LaDuke,* 879 F.2d at 1559.

The "parallel" step can still be met even though suits may not be identical or name the same parties. *Clark v. Lacy,* 376 F.3d 682, 686 (7th Cir. 2004). So long as "substantially the same parties are contemporaneously litigating substantially the same issues in another forum," a district court may find the two suits are "parallel" under *Colorado River. Id.* (internal quotations omitted). The "parallel" step is satisfied where there is a "substantial likelihood that the state litigation will dispose of all claims presented in the federal case." *Id.* Such is clearly the case here, where the parties and issues are identical.

The second step, evaluating the existence of "exceptional circumstances", is determined by weighing the following ten factors:

> (1) whether the state has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) the source of governing law, state or federal; (6) the adequacy of state-court action to protect the federal plaintiffs rights; (7) the relative progress of state and federal proceedings; (8) the presence or absence of concurrent jurisdiction; (9) the availability of removal; and (10) the vexatious or contrived nature of the federal claim.

*Clark,* 376 F.3d at 685. No single factor may be outcome determinative and the weight given to any factor may vary based on the particular action. *LaDuke,* 879 F.2d at 1559. A district court's decision to apply Colorado River will be reviewed only to determine whether the court abused its discretion. *Id.* at 1559-60.

In the instant action, most of the ten factors weigh in favor of abstention while one or two are neutral at best for Plaintiff. The State Court has assumed jurisdiction over the Property, and ordered its sale. The two forums are equally convenient, though the State Court is geographically closer to Plaintiff and the Property. The avoidance of piecemeal litigation would be well served by abstention. The State Court obtained jurisdiction years before the filing of the adversary complaint, and has progressed to the point of judgment. The issues are governed entirely by State law. The State Court is an adequate venue for the protection of Plaintiffs rights, as State Court is the customary venue for foreclosure actions. The case is not subject to removal. Lastly, there are no federal claims.

In the context of foreclosure actions, Colorado River may be applied to stay federal actions premised on pending state court foreclosures. For instance, in *Williams v. Quantum Servicing Corp.,* a state court foreclosure defendant filed suit in the U.S. District Court for the Northern District of Illinois against the mortgage servicer and the nominated mortgagee alleging violation of the FDCPA; Quiet Title; violation of the Uniform Deceptive Trade Practices Act; slander; and unjust enrichment. 2013 WL 271669, *1-2 (N.D. Ill. 2012). The state court foreclosure action involved a residential mortgage loan that was originated by "American Home" but MERS (a named defendant in the subsequent federal court action) was nominated as the mortgagee by the lender. *Id.* at *1. The loan was then sold to a French bank, but still serviced by American Home. *Id.* Thereafter, Quantum (a named defendant in the subsequent federal court action) began servicing the loan and ultimately filed foreclosure suit after obtaining assignment of the loan. *Id.*

The district court determined that the state court and federal court action met the first requirement under Colorado River despite the fact MERS was not a party in the state court action because the parties were "substantially identical." *Id.* at *3. The district court also found that the "central issue in both cases, and the issue on which plaintiffs state and federal claims

7

are premised, is whether Quantum has the right to foreclose on the subject property based on the mortgage securing the debt owed by [the borrower]." *Id.*

The district court also found nine of the ten exceptional circumstances to exist to satisfY the second requirement under the Doctrine. *Id.* at *4. Namely, 1 and 4 were satisfied because the state court assumed jurisdiction over the property at issue in both cases and did so well in advance of plaintiffs federal court suit. *Id.* at *3. Factor 7 was satisfied because the state court action was slightly more progressed than the federal court action, the state court having been presented with a motion to dismiss and motion to reconsider denial of the motion to dismiss. *Id.* Factor 5 was satisfied because state law, the Illinois Mortgage Foreclosure Law, governed Quantum's interest in the subject property. *Id.* Indeed, the borrower's federal court FDCPA action "ultimately hinge[d] on the same state-law issue, whether Quantum has the right to foreclose." *Id.*

Factors 8 and 6 were met because both state and federal courts have concurrent jurisdiction for enforcement of the FDCPA and the district court had no reason to doubt the adequacy of whether the state court could protect the borrower's rights. *Id.* Factor 3 was met because the district court expressed "desirability of avoiding piecemeal litigation." *Id.* Factor 9 was met where the district court found the plaintiff could have removed the state court action to federal court rather than creating an entirely separate federal court action based on diversity jurisdiction. *Id.* at *3-4. Lastly, factor 10 was met where the district court stated "[t]he timeline of these cases leads us to believe that this suit is a contrived reaction to the state-court foreclosure proceeding as well as to plaintiffs' setbacks therein." *Id.* On these grounds, the district court applied *Colorado River* and stayed the federal court action until resolution of the pending state court proceedings. *Id.* at *4.

The facts of the instant action even more compellingly support abstention under *Colorado River.* Accordingly, in the absence of dismissal under *Rooker-Feldman,* this Court should abstain under *Colorado River.*

8

## V. CONCLUSION

WHEREFORE, Defendant, Deutsche Bank National Trust Co. for Morgan Stanley IXIS Real Estate Capital Trust 2006-2 Mortgage pass Through Certificates, Series 2006-2, respectfully requests that this Court dismiss this case, or in the alternative, stay this action until resolution of a pending state court foreclosure action arising out of the same issues and involving substantially the same parties at issue in this action.

Respectfully submitted,

By: s/ D.L. Morriss
One of Defendant's Attorneys

Adam L. Saper (#6256627) D.L. Morriss (#6297242) HINSHAW & CULBERTSON LLP
151 N. Franklin, Fl. 25
Chicago, Illinois 60601
312/704-3000
312/704-3001-facsimile
asaper@hinshawlaw.com
dmorriss@hinshawlaw.com

302448762v1 1012445