## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In re: | ) | In Proceedings Under Chapter 7 |
| | ) | Honorable Janet S. Baer |
| David M Laz, | ) | |
| | ) | Case No. 18-16460 |
| Debtor. | ) | |

## NOTICE OF MOTION TO MODIFY AUTOMATIC STAY

**TO: DEBTOR, DEBTOR'S COUNSEL, CHAPTER 7 TRUSTEE:**

Please take notice that on November 30, 2018, at 11:00 a.m. or as soon thereafter as the same may be heard, the undersigned will present to the Honorable Janet S. Baer (or any other judge who may be presiding in his or her place), in Courtroom 240, Kane County Courthouse, 100 South Third Street, Geneva, Illinois, the attached Motion to Modify the Automatic Stay.

RIEZMAN BERGER, P.C.

**/s/ Kathryn A. Klein**
Kathryn A. Klein, ARDC# 06199235
7700 Bonhomme, 7th Floor
St. Louis, MO  63105
(314) 727-0101
Fax (314) 727-1086

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re: ) | In Proceedings Under Chapter 7 |
| ) | Honorable Janet S. Baer |
| David M Laz, ) | |
| ) | Case No. 18-16460 |
| Debtor. ) | |

## MOTION TO MODIFY AUTOMATIC STAY

Secured Creditor, Reverse Mortgage Solutions, Inc., by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d), for a modification of the automatic stay provisions for cause, and, in support thereof, states the following:

1. Debtor filed a voluntary petition pursuant to Chapter 7 of the United States Bankruptcy Code on June 8, 2018.

2. Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

3. On February 2, 2007, Laura Laz executed and delivered a Promissory Note ("Note") and a Reverse Mortgage ("Mortgage") securing payment of the Note up to a maximum principal amount of $412,800.00 to Seattle Mortgage Company. The Mortgage was recorded in the Public Records of DuPage County, Illinois. The loan was transferred to Secured Creditor. True and accurate copies of documents establishing a perfected security interest and ability to enforce the terms of the Note are attached hereto as Composite Exhibit "A." The documents include copies of the Note with any required indorsements, Recorded Mortgage, Assignment(s) of Mortgage, and any other applicable documentation supporting the right to seek a lift of the automatic stay and foreclose, if necessary.

4. The Mortgage provides Secured Creditor a lien on the real property located in DuPage County, Illinois, and legally described as stated in Composite Exhibit "A." This property is located at the street address of: 4737 Belmont Road, Downers Grove, Illinois 60515.

5. The terms and conditions of the Note and Mortgage are in default due to failure to perform an obligation under the mortgage by failing to maintain property taxes and insurance in the amount of $51,421.89. Further, the terms of the Note and Reverse mortgage are in default due to the last Borrower's death and the subject property not being occupied as the principal residence of any surviving borrower.

6. Secured Creditor is due in the amount of $399,313.28, good through September 7, 2018. Documentation supporting this claim is attached hereto as Exhibit "B."

7. According to DuPage County Assessor, the value of the property is $88,340.00. *See* Exhibit "C" which is attached hereto and permissible as a property valuation under Fed. R. Evid. 803(8). There is no equity in the property.

8. Based upon the Debtor's Statement of Intentions, the Debtor intends to prove that the claimant has no interest in the property.

9. Secured Creditor's security interest in the subject property is being significantly jeopardized by the failure to comply with the terms of the subject loan documents while Secured Creditor is prohibited from pursuing lawful remedies to protect such interest. Secured Creditor has no protection against the erosion of its collateral position and no other form of adequate protection is provided.

10. If Secured Creditor is not permitted to enforce its security interest in the collateral or be provided with adequate protection, it will suffer irreparable injury, loss, and damage.

11. Secured Creditor respectfully requests the Court grant it relief from the Automatic Stay in this cause pursuant to §362(d)(1) of the Bankruptcy Code, for cause, namely the lack of adequate protection to Secured Creditor for its interest in the above stated collateral. The value of the collateral is insufficient in and of itself to provide adequate protection which the Bankruptcy Code requires to be provided to the Secured Creditor. Secured Creditor additionally seeks relief from the Automatic Stay pursuant to §362(d)(2) of the Bankruptcy Code, as the collateral is unnecessary to an effective reorganization of the Debtor's assets.

12. Once the stay is terminated, the Debtor will have minimal motivation to insure, preserve, or protect the collateral; therefore, Secured Creditor requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(3).

13. Secured Creditor has incurred court costs and attorney's fees in this proceeding and will incur additional fees, costs and expenses in foreclosing the Mortgage and in preserving and protecting the property, all of which additional sums are secured by the lien of the mortgage. Secured Creditor seeks an award of its reasonable attorneys' fees and costs, or alternatively, leave to seek recovery of its reasonable attorneys' fees and costs in any pending or subsequent foreclosure proceeding.

**WHEREFORE**, Secured Creditor, prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) to permit Secured Creditor to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, to waive the 14-day stay imposed by Fed.R.Bankr.P. 4001(a)(3), to

seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding, and to any such further relief as this Honorable Court deems just and appropriate.

                Respectfully submitted,

                **/s/ Kathryn A. Klein**
                Kathryn A. Klein, ARDC# 06199235
                7700 Bonhomme, 7th Floor
                St. Louis, MO  63105
                (314) 727-0101
                Attorneys for Reverse Mortgage Solutions, Inc.

**PROOF OF SERVICE**

The undersigned states I served the attached Notice of Motion to Modify Automatic Stay and the attached Motion to Modify Automatic Stay by Reverse Mortgage Solutions, Inc. upon the parties named below was served via electronic means for those available and otherwise by postage prepaid, in the United States Mail, by first-class mail to the following, on the 3rd day of October, 2018.

| | |
|---|---|
| David M Laz<br>2110 Babst ct.<br>Lisle, IL 60532 | Debtor |
| Brenda Porter Helms, ESQ<br>The Helms Law Firm, P.C.<br>3400 West Lawrence<br>Chicago, IL 60625 | Chapter 7 Trustee |
| Brenda Porter Helms, ESQ<br>The Helms Law Firm, P.C.<br>3400 West Lawrence<br>Chicago, IL 60625 | |
| Patrick S Layng<br>Office of the United States Trustee, Region 11<br>219 S Dearborn St<br>Room 873<br>Chicago, IL 60604 | U.S. Trustee |
| Denise A Delaurent<br>Office of the U. S. Trustee, Region 11<br>219 south Dearborn St<br>Room 873<br>Chicago, IL 60604 | |

**/s/ Kathryn A. Klein**