# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 18-16460 |
| | ) | Chapter 7 |
| | ) | |
| DAVID M. LAZ | ) | |
| | ) | |
| | ) | |
| Debtor | ) | Judge Janet S. Baier |

**FILED**
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
OCT 25 2018
JEFFREY P. ALLSTEADT, CLERK
INTAKE 1

## NOTICE OF MOTION

**TO**: Brenda Porter Helms, Interim Trustee, 3400 W Lawrence, Chicago, IL 60625
Kathryn A. Klein, Esq., 770 Bonnhomme, 7th Floor, St. Louis, Mo. 63105

**YOU ARE HEREBY NOTIFIED** that on the 30th day of November, 2018, at 11:00 a.m. or as soon thereafter as the same may be heard, the undersigned will present to the Honorable Janet S. Baer (or any other judge who may be presiding in his or her place), in Courtroom 240, Kane County Courthouse, 100 South Third Street, Geneva, Illinois, the attached Motion to Dismiss Reverse Mortgage Solutions Inc. Motion to Modify Automatic Stay for setting for hearing.

_____
David M. Laz

David M. Laz, Debtor
2110 Babst Ct.
Lisle, Il. 60532
(630) 689-6469
dlaz0109@sbcglobal.net

## PROOF OF SERVICE

The undersigned certifies that he served a copy of this notice and referenced pleadings by

Mailing a copy to each person to whom it is directed and depositing the same by depositing the same in the United States mail, postage prepaid, at Lisle, Illinois before the hour of 5:00 p.m. on October 25, 2018

_____
David M. Laz

IN RE: ) Case No. 18-16460
) Chapter 7
)
DAVID M. LAZ )
)
)
Debtor ) Judge Janet S. Baier

F I L E D
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
OCT 25 2018
JEFFREY P. ALLSTEADT, CLERK
INTAKE 1

## MOTION TO DISMISS REVERSE MORTGAGE SOLUTIONS INC., MOTION TO MODIFY AUTOMTIC

Debtor, David M. Laz pursuant to Federal Rule of Civil Procedure 12(b)(1), respectfully request that this Court dismiss the Motion to Modify Automatic Stay filed y Reverse Mortgage Solutions, Inc. ("RMS") and in support thereof states as follows.

1. On August 14th, 2018, RMS filed its Motion to Modify Automatic Stay.

2. In Summary, the Motion states that it is a secured creditor in that one Helen Majcher allegedly executed a secured note and reverse mortgage. RMS alleges that the original mortgage company assigned its rights to RMS and that it now has the authority to authority to foreclose.

3. The property in question is commonly known s 128 Maple Ave. Downers Grove Illinois. Debtor is an heir of Helen Majcher and by the laws of intestacy in Illinois is an heir of Helen Majcher's with an interest in the property.

4. Because RMS alleges that Helen Majcher only executed a reverse mortgage and note, and that the Debtor did not execute the reverse mortgage an note, the Debtor is not a creditor of RMS.

5. 1. A court confronted with a Rule 12(b)(6) motion must accept the truth of all factual allegations in the complaint and must draw all reasonable inferences in favor of the non-

movant, *Gross v. German Found Indus. Initiative,* 549 F.3d 605, 610 (3d Cir. 2008). Legal conclusions receive no such deference, and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain,* 478 U.S. 265, 286 (1886) (cited with approval in *Twombly,* 550 U.S. at 555 (citations omitted)). Although a plaintiff may use legal conclusions to provide the structure for the complaint, the pleading's factual content must independently "permit the court to infer more than the mere possibility of misconduct." *Iqbal,* 129 S.Ct. at 1950. In short, when the well pleaded complaint does not permit the court "to infer more than the mere possibility of misconduct," the pleader is not entitled to relief. *Fowler v. UPMC Shadyside,* 578 F.3d 203, 2011 (3d Cir. 2009)(quoting *Iqbal,* 129 S.Ct. at 1949).

6. These are the facts that the court must accept as true as contained in Debtor's Complaint for the purposes of this Motion to Dismiss.

a) That only Helen Majcher executed a reverse mortgage and note to Bank of America.

b) That Bank of America gave the original reverse mortgage and note to Helen Majcher.

c) That Bank of America properly assigned the note and mortgage to RMS.

d) That Debtor did not sign the reverse mortgage or note.

e) That Debtor is not a Creditor of RMS.

## ARGUMENT
## ONLY CREDITORS OF THE DEBTOR HVE STANDING TO BRING A MOTION TO HAVE THE AUTOMATIC STAY LIFTED

7. The Bankruptcy code strictly limits claims to creditors of the Debtor as the only entities having the right to request the lifting of an automatic stay. Debtor is not creditor of RMS.

8. In the case of *In re Maisel,* 378 B.R. 19 (Bankr. D. Mass. 2007) Wells Fargo Bank filed a Motion for Relief from Stay: the exhibits attached to the Motion indicated that Option One Mortgage Corporation was the holder of the Note and Mortgage. Judge Rosenthal asked the Movant to "justify its position that it had standing to have brought the Motion." The Motion itself cited that the Movant was the current holder of the Note and Mortgage.

What the Court stated,

> "The plain language of section 362 of the Bankruptcy Code requires that one be a "party in interest" to seek relief from stay. 'On request of a party in interest and after notice and a hearing, the court shall grant relief from stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay...' 11 U.S.C. § 362(d). The test for whether one is party in interest in the First Circuit is whether a party has a colorable claim to the property. 'A party seeking relief from the automatic stay to exercise rights as to property must demonstrate at least a colorable claim to the property.' *In re Huggins*, 357 B.R. 180, 185 (Bankr. D. Mass. 2006) (citing *Grella v. Salem Five Cent. Sav. Bank,* 42 F.3d 26 (1st Cir. 1994). In the case at bar, the Court cannot find from the evidence provided that the Movant had a colorable claim to the property at the time the Motion for Relief was filed. "Parties seeking relief from stay must be aware that by presenting a motion to the Court, they represent that 'the allegations and other factual contentions have evidentiary support...' Fed. R. Bankr. P. 9011(b)(3). The Movant was unable to provide evidentiary support for its allegations when called upon to do so. It is the claimant's burden to bring information regarding the relationships between the parties to the Court. *In re Parrish*, 326 B.R. 708, 720 (Bankr. N.D. Ohio 2005.

9. The Bankruptcy Code is explicit as to who bears the initial burden of proof in connection with a Motion for Relief from Stay: it is, with one exception, the Debtor. The Creditor bears the burden of proof only on the issue of whether or not there is equity in the property. This does not mean, however, that a Creditor may file a Motion for Relief from Stay asserting simply that it is entitled to Relief from Stay. Any Motion must be property supported, and justified under Rule 9011

10. As stated in *In re Maisel*,

"Parties seeking relief from stay must be aware that by presenting a motion to the Court, they represent that 'the allegations and other factual contentions have evidentiary support...' Fed. R. Bankr. P. 9011(b)(3). The Movant was unable to provide evidentiary support for its allegations when called upon to do so. It is the claimant's burden to bring information regarding the relationships between the parties to the Court. *In re Parrish*, 3. 326 B.R. 708, 720 (Bankr. N.D. Ohio 2005. . Under § 362(d)(1) and (2) of the Code, when a creditor seeks relief from the automatic stay, it bears the burden of proving (1) that an obligation is owed by the debtor to the creditor; (2) that it has a valid security interest for which relief is sought; and (3) that cause exists to justify relief from the automatic stay. *In re Haines*, 309 B.R. 668 (Bankr. D. Mass. 2004). "A Creditor may not file a Motion for Relief from Stay asserting simply that it is entitled to Relief from Stay. Any Motion must be property supported, and justified under Rule 9011, *In re Simmons*, 2008 Bankr. LEXIS 2157 (Bankr. M.D. Ga. July 31, 2008): "Everhome wants stay relief but does not want to be bothered with offering any actual proof it is entitled to such relief. Producing an accurate, current payment history should be a simple matter for any company with a basic, competent record-keeping system. Parties seeking relief from stay must be aware that by presenting a motion to the Court, they represent that 'the allegations and other factual contentions have evidentiary support...' Fed. R. Bankr. P. 9011(b)(3). The Movant was unable to provide evidentiary support for its allegations when called upon to do so. It is the claimant's burden to bring information regarding the relationships between the parties to the Court. *In re Parrish*, 326 B.R. 708, 720 (Bankr. N.D. Ohio 2005)."

14. What this case stands for is that any party filing a Motion for Relief from Stay must properly allege and prove that "an obligation is owed by the Debtor to the Creditor." Taking every fact in it Motion to Lift the Stay RMS has not alleged and cannot proved that the Debtor owes n obligation to RMS.

15. In *In re Idicula*, No. 12-12120 (Bankr. S.D. N.Y. Jan. 10, 2013), the Bankruptcy Court for the Southern District of New York denied U.S. Bank's motion for relief from stay on the basis that U.S. Bank had failed to show that it had standing to obtain such relief. The court found that U.S. Bank failed to prove that it was a "party in interest" as required by section 362(d)(1) for seeking relief from stay. Although "party in interest" is not defined in the Code, the court in *In re Idicula* looked to the Second Circuit which requires that the movant be a creditor or a debtor. The court walked through the Code definitions of "creditor" and "claim" (sections

101(10) and 101(10)(A) respectively) and found that because U.S. Bank had no right to seek foreclosure under state law, it did not have the requisite "right to payment" that ultimately defines both a "creditor" and a "claim."

16. In *In re Mims,* 438 this Court stated,

> The term "party in interest" is nowhere defined in the Bankruptcy Code. However, the Supreme Court has suggested that when an undefined term is used in bankruptcy law, "[i]n determining the term's scope and its limitations the purposes of the Bankruptcy Act `must ultimately govern." Though courts have interpreted "the purposes of the Bankruptcy Act" differently, the Second Circuit explained in *In re Comcoach,* 698 F.2d 571, 573 (2d Cir.1983), "[b]ankruptcy courts were established to provide a forum where creditors and debtors could settle their disputes...." The *Comcoach* court went on to find that in order to invoke the court's jurisdiction to obtain relief from the automatic stay, the moving party had to be either a creditor or a debtor.[5]*Id.* In support of this assertion, the court cited to the Bankruptcy Code's legislative history "which suggests that, notwithstanding the use of the term `party in interest,' [sic] it is only creditors who may obtain relief from the automatic stay." *Id.* (citing H.R.REP. NO. 95-595, 1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 6136 ("Creditors may obtain relief from the stay if their interests would be harmed by continuance of the stay.")). It follows from the Second Circuit's analysis that unless Wells Fargo qualifies as a "creditor," it does not have standing to request relief from the automatic stay.

17. Section 101(10) of the Bankruptcy Code defines a "creditor," in part, as an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." 11 U.S.C. § 101(10)(A) A "claim" is a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, legal, equitable, secured or unsecured." Id. § 101(5)(A)

27. In its Motion for Lift the Stay, RMS only alleges that Helen Majcher created the secured interest RMS claims in the property, not the Debtor. As more than adequately stated in both case law and statute, since the RMS is not a creditor of the Debtor, it has no standing to bring a Motion to Lift the Automatic Stay.

WHEREFORE, the Debtor prays this Honorable court:

a) Grant his Motion Denying RMS' Motion to Lift the Automatic Stay for lack of standing.

b) For any further relief the court deems just.

Respectfully Submitted

_____
DAVID M. LAZ, Debtor

David M. Laz
Debtor
2110 Babst Ct.
Lisle, Il. 60532
(630) 689-6469